IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FRANK PRUITT, HV-1577,     )
    Petitioner,            )
                           )
    v.                     ) 2:12-cv-1044
                           )
COMMONWEALTH OF            )
PENNSYLVANIA,              )
    Respondent.            )

MEMORANDUM and ORDER

Mitchell, M.J.:

    Frank Pruitt an inmate at the State Correctional Institution – Rockview has presented a petition for a writ of habeas corpus. For the reasons set forth below, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

    Pruitt is presently serving a forty to eighty year sentence imposed following his conviction by a jury of three counts of rape and three counts of involuntary deviate sexual intercourse at Nos. CC 200402640, 20078223 and 20085388 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on November 17, 2008.[1]

    A timely notice of appeal to the Superior Court was filed in which the issues raised were:

I. The Trial Court abused its discretion and/or committed an error of law when it denied Mr. Pruitt's motion for severance when the facts of the three cases were not sufficiently similar to warrant consolidation, which resulted in actual prejudice.

II. ADA Hoffman committed prosecutorial misconduct when he made direct factual misrepresentations, taken in deliberate bad faith in order to prejudice Mr. Pruitt and subvert the truth-seeking process, in arguing for consolidation of DeShaunte's case, which violated Mr. Pruitt's federal and state constitutional rights to due process and a fair trial, as well his double jeopardy right against retrial.

---

[1] See: Petition at ¶¶ 1-6. As explained in the answer of the Commonwealth the petitioner was sentenced to three consecutive ten to twenty year sentence on each of the rape convictions and one additional consecutive ten to twenty year sentence on one count of involuntary deviate sexual intercourse, thereby resulting in a forty to eighty year sentence.

1

III. The evidence was insufficient to convict Mr. Pruitt on the charges involving Harrison, Adams, and/or DeShaunte when the Commonwealth did not fix the dates and times of the alleged crimes with adequate particularity, which denied Mr. Pruitt a fair, ample opportunity to present a defense and violated his federal and state constitutional rights to due process and a fair trial.

IV. The verdict in Harrison's case was against the weight of the evidence. The entire body of evidence proving that Mr. Pruitt committed the crimes was tenuous, contradictory, and wholly unbelievable.

V. The verdict in Adams' case was against the weight of the evidence. The entire body of evidence proving that Mr. Pruitt committed the crimes was tenuous, contradictory, and wholly unbelievable.

VI. The verdict in DeShaunte's case was against the weight of the evidence. The entire body of evidence proving that Mr. Pruitt committed the crimes was tenuous, contradictory, and wholly unbelievable.[2]

On July 14, 2010, the judgment of sentence was affirmed.[3]

Leave to appeal to the Pennsylvania Supreme Court was not sought but on August 24, 2010 Pruitt filed a post-conviction petition. That petition was later amended by counsel and on February 28, 2011, post-conviction relief was denied.

A timely appeal to the Superior Court was filed in which the question raised was:

Did the trial court err in dismissing Appellant's PCRA petition since trial counsel was ineffective for failing to raise, in post sentencing motions, and direct appeal counsel was ineffective for failing to raise in the appeal, claims that [A] appellant's aggregate sentence of 40-80 years was manifestly excessive, especially since four sentences were run consecutively; [B] his individual sentences of 120-240 months each for rape at 8223-2007 and 2640-2004 were manifestly excessive since they far exceeded the aggravated guideline range of 84 months; [C] the trial court failed to state adequate reasons on the record for sentencing outside of the guidelines at the rape counts at 8223-2007 and 2640-2004; [D] the trial court violated 42 Pa.C.S. §9721(B) by failing to consider the facts therein; [E] the trial court relied upon improper factors when sentencing appellant since it considered appellant's prior arrests and acquittals and; [F] the trial court failed to state adequate reasons on the record for the sentences imposed?[4]

---

[2] See: Exhibit 11 to the answer of the Commonwealth at p.81.
[3] See: Exhibit 12 to the answer of the Commonwealth pp.145-154.
[4] See: Exhibit 17 at p.200.

On December 30, 2011 the denial of post-conviction relief was affirmed.[5] A petition for allowance of appeal was filed raising this same issue and leave to appeal was denied on May 24, 2012.[6]

In the instant petition executed on August 13, 2012, Pruitt contends he is entitled to relief on the following grounds:

1. Trial counsel was ineffective for failing to raise, in post sentencing motions, and direct appeal [counsel] was ineffective for failing to raise in direct appeal claims that the aggregate sentence was manifestly excessive, the individual sentences were manifestly excessive.

2. Trial court erred in denying appellant's P.C.R.A. since trial counsel was ineffective for failing to raise in post-sentencing motions and direct appeal [counsel] was ineffective also for failing to raise in direct appeal claims that the aggregate sentence imposed was excessive, the trial court failed to state adequate reasons on the record for sentencing purposes, and the trial court erred in considering improper factors in sentencing appellant.[7]

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

---

[5] See: Exhibit 20 at pp.239-253.
[6] See: Exhibit 22 to the answer at pp.257-283.
[7] See: Petition at ¶12.

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.
> We must thus decide whether the state supreme court's "adjudication of the claim ... resulted in a decision that was *contrary to*, or involved *an unreasonable application* of, clearly established Federal law, as determined by the Supreme Court of the United States...
>
> A state court adjudication is "contrary to" Supreme Court precedent if it results from the application of "a rule that contradicts the governing law set forth" by the Supreme Court or is inconsistent with Supreme Court decision in a case involving "materially indistinguishable" facts ... "A state court decision fails the 'unreasonable application' prong only 'if the court identifies the correct governing rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular case or if the state court either unreasonably extends a legal principle from the Supreme court's precedent to a new context where it should not apply or unreasonably refuses to extend the principle to a new context where it should apply...(citations omitted).

That is, the state court determination must be objectively unreasonable. Renico v. Lett, 130 S.Ct. 1855 (2010).

The Commonwealth now argues that petitioner failed to put the state courts on notice that he was raising claims of ineffective assistance of counsel in a federal as well as a state context. Since the standards employed in gauging the effectiveness of counsel in both state and federal forums are the same, this issue has been properly preserved. <u>Werts v. Vaughn</u>, 228 F.3d 178 (3d Cir.2000), cert. denied 532 U.S. 980 (2001).

The petitioner's first claim is that appellate counsel was ineffective for failing to challenge the severity of the sentence imposed. His second claim contains two portions. The first is his claim that post-conviction counsel was ineffective for failing to raise the alleged ineffectiveness of trial counsel who failed to file post-sentence motions challenging the sentence thereby effectively waiving that claim under Pennsylvania law. This allegation is a variation of his first claim of ineffective assistance of counsel. The second portion of the claim is that the trial court erred in imposing the sentence which it did. This latter claim was raised in the post-conviction appeal and for this reason has been properly presented to the state courts, although not necessarily in the context of a federal constitutional claim.

Accordingly, we will address all issues.

The factual background to this prosecution is set forth in the July 14, 2010 Memorandum of the Superior Court:

> L.H. was seven years old when the incidents with Appellant occurred. Occasionally, L.H.'s mother took L.H., sometimes with her sisters, to Appellant's apartment to stay overnight in the bedroom next to Appellant's. On three or four occasions during the school year when she was staying with Appellant, he woke her up, took her to his bedroom, removed her clothing and vaginally raped her on the bed while holding both her wrists above her head. Appellant then washed L.H. and returned her to the second bedroom.
>
> M.A. was eight years old when the incidents with Appellant occurred. M.A. spent that entire summer with her grandmother in the apartment directly above Appellant's occasionally staying overnight at Appellant's apartment with permission from her grandmother.
>
> In mid-June, M.A. stayed overnight at Appellant's apartment. After she was asleep, Appellant came into her room, picked her up, took her to his bedroom, removed her underwear, held both of her wrists at her shoulders and orally and vaginally raped her on his bed. Appellant then dressed M.A. and returned her to the second bedroom. M.A. stayed at Appellant's apartment more than once and was raped on some of those occasions.

D.H. was nine years old when the incidents with Appellant occurred. On one occasion, D.H.'s mother took her to Appellant's apartment, had a conversation with Appellant in the kitchen that D.H. could not overhear and left without saying goodbye. Approximately five minutes later, Appellant vaginally raped D.H. on the couch. A few hours after the incident, D.H.'s mother returned with a change of clothes for D.H. When D.H. told her mother that Appellant had raped her, her mother bathed her at Appellant's apartment, changed her clothes and took her home.

When D.H. was twelve, her mother returned to Appellant's apartment with her. Again, after a conversation with Appellant that D.H. could not overhear, she left without saying goodbye. Another man entered the apartment, and while Appellant held her hands and covered her mouth, the other man vaginally raped her. The two men then left the apartment. D.H. stayed in Appellant's apartment alone that night; her mother returned the next day, changed D.H.'s clothes and took her home.[8]

The first issue we address is petitioner's allegation of ineffective assistance of counsel. In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court explained that there are two components to demonstrating a violation of the right to the effective assistance of counsel. First, the petitioner must show that counsel's performance was deficient. This requires showing that "counsel's representation fell below an objective standard of reasonableness." Id. at 688; see also Williams v. Taylor, 529 U.S. 362, 390-91 (2000). Second, under Strickland, the defendant must show that he was prejudiced by the deficient performance. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687, 104 S.Ct. 2052. To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The Strickland test is conjunctive and a habeas petitioner must establish both the deficiency in performance prong and the prejudice prong. See Strickland, 466 U.S. at 687; Rainey v. Varner, 603 F.3d 189,197 (3d Cir.2010) cert. denied 131 S.Ct. 1673 (2011). As a result, if a petitioner fails on either prong, he loses. Rolan v. Vaughn, 445 F.3d 671 (3d Cir.2006).

---

[8] See: Exhibit 12 to the answer of the Commonwealth at pp.145-147. The Superior Court also noted that D.H.'s mother was tried jointly with the petitioner and was acquitted on all counts.

6

Specifically, Pruitt contends that counsel was ineffective for failing to challenge the severity of the sentence imposed. A challenge to a state sentence is predicated on state law and not cognizable in a federal proceeding unless the sentence imposed exceeds the state authorized maximum. LeBoy v. Carroll, 437 F.Supp.2d 260 (D.Del.2006). In the instant case, petitioner was sentenced on three counts of rape which under Pennsylvania law is a felony of the first degree punishable by imprisonment for up to twenty years[9] and one count of involuntary deviate sexual intercourse with a child under the age of thirteen likewise a first degree felony punishable by up to twenty years incarceration.[10] Thus, the aggregate sentence of forty to eighty years did not exceed the statutorily authorized maximum sentence and this claim does not provide a basis for relief.[11] Additionally, in imposing the consecutive sentences the trial judge set forth more than adequate justification noting "I can't think of anybody that defines a danger to our society more than you…" (ST. 11/17/09 at p.9).

Because the sentence imposed was within the limits imposed by state law, allegations of excessiveness do not provide a basis for relief here, and counsel cannot be deemed to have been ineffective for failing to raise a meritless issue. Real v. Shannon, 600 F.3d 302 (3d Cir.2010).

The petitioner also contends that he is entitled to relief on the basis of the trial court's failure to set forth an adequate basis for imposing the sentence and considering improper factors in doing so. First we note that the trial court more than established a basis for the sentence which was imposed.(See: ST 11/17/09 at pp.8-9), and more importantly, because the sentence was statutorily permissible it is not subject to review here. Labro, supra.

Accordingly, because Pruitt's convictions and sentence were not secured in any manner contrary to the decisions of the United States Supreme Court nor did they involve an unreasonable interpretation of those decisions, he is not entitled to relief here. For this reason, his petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

---

[9] 18 Pa.C.S.A. §3121(a) and 18 Pa.C.S.A. §1103.
[10] 18 Pa.C.S.A. 3123(a)(6) and 18 Pa.C.S.A. §1103.
[11] We note that under Pennsylvania law, the decision of whether sentences should be served concurrently or consecutively rests within the discretion of the sentencing judge. Com. v. L.N., 787 A.2d 1064 (Pa.Super. 2001) leave to appeal was denied 569 Pa. 680 (2002).

An appropriate Order will be entered.

ORDER

AND NOW, this 6th day of November, 2012, for the reasons set forth in the foregoing Memorandum, the petition of Frank Pruitt for a writ of habeas corpus (ECF No.5) is DISMISSED, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is DENIED.

s/ Robert C. Mitchell
United States Magistrate Judge
